UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DEWAYNE TOWNSEND, JR., | No.  2:20-cv-1179 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| MIKE RUIZ, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.  ECF No. 6.  In support of this request, he asserts in part that he is unable to afford representation and that because of the coronavirus pandemic, he has limited access to the prison law library.  See ECF No. 6 at 1-2.  He further asserts that the complexity of the issues in his case as well as his limited knowledge of the law warrant court-appointed counsel.  See id. at 1-2.

    The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

1

1  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
2  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances
3  common to most prisoners, such as lack of legal education and limited law library access, do not
4  establish exceptional circumstances that would warrant a request for voluntary assistance of
5  counsel.  For these reasons, the court does not find the required exceptional circumstances.
6       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of
7  counsel (ECF No. 6) is DENIED.
8  DATED: June 30, 2020

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE