1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARTHUR D. TOWNSEND, JR.,                No.  2:20-cv-1179 KJM AC

12            Plaintiff,

13        v.                                 ORDER

14   MIKE RUIZ, et al.,

15            Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19        I.        Application to Proceed In Forma Pauperis

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  ECF No. 2; see also ECF No. 5.  Accordingly, the request to proceed in forma

22   pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4        II.    Statutory Screening of Prisoner Complaints

5            The court is required to screen complaints brought by prisoners seeking relief against a

6    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

8    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

9    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

10           A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

13   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

14   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

15   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

16   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

17   Franklin, 745 F.2d at 1227-28 (citations omitted).

18           "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

19   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

20   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

21   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

23   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

24   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

25   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

26   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

27   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

28   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

                                          2

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

Plaintiff has filed an original and two amended complaints. ECF Nos. 1, 12, 16. The amended complaints were filed before the case could be initially screened. Because an amended pleading supersedes its predecessors, Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), the second amended complaint (ECF No. 16) will be screened and the previous complaints (ECF Nos. 1 & 12) will be disregarded.

Plaintiff brings suit against seven correctional officers at CSP-Solano: M. Ruiz, G. Mendieta, T. Bess, E. Dixon, A. Toomer, J. Budge, and Jewarte. Claim One asserts a violation of plaintiff's First Amendment right to the free exercise of religion, and Claim Two alleges the excessive use of force in violation of plaintiff's Eighth Amendment rights.

As to Claim One, the complaint alleges that on May 17, 2019, plaintiff had a ducat to attend Islamic religious services. Officer Ruiz delayed plaintiff at the gate and withheld his identification card, which caused plaintiff to miss the service. ECF No. 16 at 4-5. The final paragraph of this claim is largely illegible, but it may state that plaintiff also missed subsequent services due to Ruiz's confiscation of plaintiff's identification card. Id. at 5:24-28. This occurred during the month of Ramadan. Id. The number of services missed is either unspecified or illegible, but does not appear to have been substantial; only the May 17 incident is detailed.

3

It is alleged in support of Claim Two that on May 21, 2019, plaintiff had another contentious encounter with Officer Ruiz at the gate.  Ruiz refused to accept the temporary identification card that defendant Jewarte had made for plaintiff the day before.  Ruiz and plaintiff argued, and plaintiff asked to speak to a supervising officer.  Ruiz "radioed in" a report of a non-complaint inmate, and defendants Mendieta and Bess arrived at the scene.  Bess, the supervising officer, ignored what plaintiff reported to him about Ruiz's conduct, and ordered that plaintiff be handcuffed.  Ruiz placed the handcuffs on plaintiff, and thereafter handled him while handcuffed, in ways that caused excruciating pain.  Bess ignored plaintiff's complaint that Ruiz had tightened the cuffs to the point that they were causing bleeding.  ECF No. 16 at 6-9.

Ruiz and Mendieta escorted plaintiff to the B Facility Program Office, where Bess gave an order for plaintiff to be "slammed" to the ground.  While plaintiff was on the ground, Mendieta kneed him in the face and Ruiz punched him in the head while kneeing him in the ribs.  Plaintiff sustained a black eye and abrasions to the face.  He was in and out of consciousness.  Defendants Toomer and Dixon were present during the assault and failed to intervene.  Id. at 9-11.

IV.     Claims for Which a Response Will Be Required

The allegations of Claim Two state an Eighth Amendment excessive force claim against defendants Ruiz, Mendieta, Bess, Toomer and Dixon.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (force violates Eighth Amendment where used maliciously for purpose of causing harm); Taylor v. List, 880 F.2d 1040. 1045 (9th Cir. 1989) (supervisors may be liable under § 1983 for failing to prevent ongoing conduct of which aware); Johnson v. Duffy, 588 F.2d 740, 742 (9th Cir. 1978) (recognizing potential liability for failure to act).  These defendants will be required to respond to Claim Two.

V.     Failure to State a Claim

A.  Free Exercise

Incarcerated people do not forfeit their First Amendment right to the free exercise of religion.  See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122-23 (9th Cir. 2013).  A plaintiff must demonstrate that officials substantially burdened the exercise of his religion by preventing him from engaging

4

in conduct which he sincerely believes is required by his faith.  Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008).  "In order to reach the level of a constitutional violation, the interference with one's practice of religion must be more than an inconvenience; the burden must be substantial[.]"  Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir.1997) (citation and internal quotation marks omitted), overruled in part on other grounds by Shakur, 514 F.3d at 884-85.  A substantial burden exists where the state "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs[.]"  Thomas v. Review Board, 450 U.S. 707, 718 (1981).

The allegations of Claim One fail to state a claim for relief because brief interruption of access to group religious services does not rise to the level of a "substantial burden" on religious exercise.  There are no allegations here that plaintiff was prevented from praying in his cell, denied access to necessary religious materials, or otherwise prevented from observing Ramadan. There are no allegations that the impaired access to services lasted for a period of time that would constitute a substantial burden rather than a mere inconvenience.  Cf. Freeman, supra.  Plaintiff will be provided an opportunity to amend this claim if he wishes, to clarify the number of services that he was prevented from attending and provide any other information that would show a substantial burden on his ability to practice his religion.

B.  Defendant Budge

In Claim One, plaintiff alleges that Budge told plaintiff that Ruiz had left for the day after preventing plaintiff from attending services, and that Ruiz had taken plaintiff's identification card home with him. ECF No. 16 at 5.  This is the only mention of defendant Budge, and it does not implicate him in a deprivation of plaintiff's rights.  Even if Ruiz violated plaintiff's right to practice his religion, Budge's statement to plaintiff would not support liability.  Johnson, 588 F.2d at 743 (§ 1983 liability limited to those whose acts or omissions cause a constitutional violation).

C.  Defendant Jewarte

In Claim Two, plaintiff alleges that R&R Officer Jewarte made him a temporary identification card after Ruiz confiscated plaintiff's regular identification card.  ECF No. 16 at 6-7.  This is the only allegation regarding Jewarte, who is not alleged to have participated in the use

5

1  of force that followed Ruiz's alleged refusal to accept the validity of the temporary card.  No

2  claim is stated against Jewarte, who did not participate in or otherwise cause any constitutional

3  violation.  See Johnson, 588 F.2d at 743.

4      VI.    Leave to Amend

5          For the reasons set forth above, the court finds that the complaint does not state a

6  cognizable First Amendment free exercise claim, nor any claims against Officers Budge or

7  Jewarte.  However, plaintiff may be able to allege facts to remedy this and he will be given the

8  opportunity to amend the complaint if he desires.

9          Plaintiff may proceed forthwith to serve defendants Ruiz, Mendieta, Bess, Toomer and

10  Dixon on his claim that they used excessive force (or failed to intervene in an excessive use of

11  force) against plaintiff on May 21, 2019, or he may delay serving any defendant and amend the

12  complaint.

13          Plaintiff will be required to complete and return the attached notice advising the court how

14  he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

15  file an amended complaint.  If plaintiff elects to proceed on his excessive force claim against

16  defendants Ruiz, Mendieta, Bess, Toomer and Dixon without amending the complaint, the court

17  will proceed to serve the complaint.  A decision to go forward without amending the complaint

18  will be considered a voluntarily dismissal without prejudice of Claim One (free exercise of

19  religion) and defendants Budge and Jewarte.

20          If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

21  about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

22  423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named

23  defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

24  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

25  connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

26  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

27  participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

28  268 (9th Cir. 1982) (citations omitted).

1       Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

2  his amended complaint complete.  Local Rule 220 requires that an amended complaint be

3  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

4  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

5  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

6  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

7  in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

8  the original complaint no longer serves any function in the case.  Therefore, in an amended

9  complaint, as in an original complaint, each claim and the involvement of each defendant must be

10  sufficiently alleged.

11       VII.    Plain Language Summary of this Order for a Pro Se Litigant

12       Your request to proceed in forma pauperis is granted and you are not required to pay the

13  entire filing fee immediately.

14       Some of the allegations in the complaint state claims against the defendants and some do

15  not.  The facts alleged in Claim Two of your most recent complaint state an excessive force claim

16  against Ruiz, Mendieta, Bess, Toomer and Dixon.  This claim may go forward against these

17  defendants.

18       The allegations of Claim One do not show that your religious rights were violated.  A

19  temporary interruption in access to group religious services does not substantially burden your

20  ability to practice your religion.

21       You have not stated any claim against Budge or Jewarte because you allege no facts

22  showing that either of them caused your rights to be violated.

23       You have a choice to make.  You may either (1) proceed immediately on your excessive

24  force claim against Ruiz, Mendieta, Bess, Toomer and Dixon only, and voluntarily dismiss the

25  free exercise of religion claim, or (2) try to amend the complaint.  If you want to go forward

26  without amending the complaint, you will be voluntarily dismissing without prejudice your

27  religion claim along with defendants Budge and Jewarte.  If you choose to amend your complaint,

28  the amended complaint must include all of the claims you want to make, including the ones that

have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  **Any claims not in the amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's allegations against defendants Budge and Jewarte, and Claim One (free exercise of religion) in its entirety, do not state claims for which relief can be granted.

4.  Plaintiff has the option to proceed immediately on Claim Two (Eighth Amendment excessive force) against Ruiz, Mendieta, Bess, Toomer and Dixon only, or to amend the complaint.

5.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a third amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of Claim One and defendants Budge and Jewarte.

DATED: September 2, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARTHUR D. TOWNSEND, JR.,              No.  2:20-cv-1179 KJM AC

12              Plaintiff,

13        v.                               PLAINTIFF'S NOTICE ON HOW TO
                                           PROCEED
14   MIKE RUIZ, et al.,

15              Defendants.

16

17        Check one:

18   _____ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claim

19        (Claim Two) against defendants Ruiz, Mendieta, Bess, Toomer and Dixon without

20        amending the complaint.  Plaintiff understands that by going forward without amending

21        the complaint he is voluntarily dismissing without prejudice his claims against defendants

22        Budge and Jewarte, and his First Amendment free exercise of religion claim (Claim One).

23

24   _____ Plaintiff wants to amend the complaint.

25

26   DATED:_____

27                                         _____
                                           ARTHUR D. TOWNSEND, JR.
28                                         Plaintiff pro se

                                    1