UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DEWAYNE TOWNSEND, JR., | No.  2:20-cv-1179 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| MIKE RUIZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis with a civil rights action, has requested appointment of counsel.  ECF No. 25.  In support of the motion, plaintiff states in part that he is unable to afford counsel; that his incarceration will severely limit his ability to litigate the case; that the issues in this matter are complex; and that he has limited access to the prison law library.  See ECF No. 25 at 1-2.  As a result, he asks that the court appoint the firm Rosen, Bien, Galvan & Grunfeld, LLP as counsel to assist him with litigating this case.  See id. at 2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

To date, the record does not indicate that the Rosen Bien firm wishes to represent plaintiff in this case or assist him in any capacity.  Accordingly, the court will not order the firm to do so.

As for plaintiff's assertion that his inability to represent himself warrants the appointment of counsel, the test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

To date, plaintiff has been able to file cogent original, first, and second amended complaints.  See ECF Nos. 1, 12, 16.  Plaintiff also has a sophisticated enough understanding of the details of his case to have filed the instant request to amend his complaint in order to change the types and amounts of damages sought.  See ECF No. 26.  Given plaintiff's demonstrated ability to participate in these proceedings pro se, the court does not find the exceptional circumstances needed for appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 25), is DENIED.

DATED: November 12, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE