UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DEWAYNE TOWNSEND, JR., <br><br> Plaintiff, <br><br> v. <br><br> MIKE RUIZ, et al., <br><br> Defendants. | No. 2:20-cv-1179 KJM AC P <br><br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff, a former state prisoner proceeding pro se, seeks relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons stated below, the undersigned will recommend that this action be dismissed for failure to prosecute.

I. RELEVANT PROCEDURAL HISTORY

On August 21, 2021, plaintiff filed a second amended complaint ("SAC"). ECF No. 16. At that time, plaintiff was incarcerated and had filed a prisoner application to proceed in forma pauperis. ECF Nos. 2, 5.

On September 2, 2021, plaintiff's prisoner IFP application was granted, and the SAC was screened. ECF Nos. 18, 19. In the screening order, plaintiff was given the opportunity either to proceed on its viable claims, or to amend. ECF No. 18 at 8-9. On September 20, 2021, plaintiff opted to proceed on the SAC as screened, and the SAC was served shortly thereafter. ECF Nos. 21, 22.

On October 28, 2021, plaintiff filed a motion to amend the SAC to include his request for damages. See ECF No. 26. The motion did not include a third amended complaint ("TAC") as required by the Local Rules. See Local Rule 220 (requiring changed pleadings to be complete in themselves).

On November 22, 2021, plaintiff filed a notice of change of address. ECF No. 29. The new address plaintiff provided was not a prison facility, and a contemporaneous inmate locator search conducted on the California Department of Corrections and Rehabilitation ("CDCR") website yielded no results for plaintiff, indicating that he was likely no longer imprisoned.

On December 9, 2021, despite the fact that plaintiff had not filed a proposed TAC with his motion to amend the complaint, that motion was granted.[1] ECF No. 31. On the same day, the undersigned referred the matter to the court's Post-Screening Alternative Dispute Resolution Project, and this action was stayed for 120 days pending settlement negotiations. ECF No. 32. In the order granting plaintiff's motion to amend, the court specified that a deadline for filing the TAC would issue if and when the ADR stay was lifted. ECF No. 31 at 2.

On December 20, 2021, the orders at ECF Nos. 31 and 32 were returned to the court as "undeliverable, return to sender, vacant, unable to forward." This triggered a February 2022 deadline by which plaintiff was required to file a notice of change of address with the court. See Local Rule 183(b) (permitting dismissal of case sixty-three days from date mail returned to court absent notification of change of address).

On January 7, 2022, defendants filed a motion to opt out of the ADR Project. ECF No. 33. That motion was granted on January 27, 2022, and the 120-day stay was lifted. ECF No. 34. At that time, plaintiff was ordered to file a TAC that complied with the undersigned's December 9, 2021, order and to do so within thirty days. Id. at 1. On February 7, 2022, the January 27 order was returned to the court as "undeliverable, return to sender, not at this address, unable to forward."

---

[1] In permitting amendment, the undersigned relied on Local Rule 102(d) which permits the court in specific cases to issue orders that are contrary to the Local Rules when appropriate and in the interests of justice and case management. See ECF No. 31 at 2.

Accordingly, on March 7, 2022, the undersigned recommended that this action be dismissed. ECF No. 35. On March 8, 2022, plaintiff filed a notice of change of address. ECF No. 36. The next day, the March 7 Findings and Recommendations were re-served on plaintiff, only to be returned to the court again on March 17, 2022, as "undeliverable, return to sender, attempted not known, unable to forward."

Despite the return of the Findings and Recommendations to the court, plaintiff filed objections to them on April 8, 2022, along with a supporting declaration. ECF No. 37, 38. Plaintiff stated in relevant part that he had been experiencing homelessness and had been in and out of different halfway houses. Id. In response, and in an attempt to further accommodate plaintiff, the undersigned vacated the March 7, 2022, Findings and Recommendations on April 19, 2022. ECF No. 39. Plaintiff was given an additional thirty days within which to file the TAC, and was ordered to file a new application to proceed in forma pauperis in light of the fact that he was no longer incarcerated. Id. at 2. In another attempt to assist plaintiff with filing the two documents, the Clerk of Court was directed as a one-time courtesy to send plaintiff non-prisoner complaint and in forma pauperis forms as well as other documents from this case that might assist him. Id.

To date, plaintiff has not filed the outstanding TAC, nor has he filed the non-prisoner in forma pauperis application. Plaintiff has not asked for an extension of time to do so, nor has he responded to the court's April 19, 2022, order in any way.

II. DISCUSSION

A. Failure to File Third Amended Complaint

An amended complaint must be complete in itself, without reference to any prior pleading. Local Rule 220. This is because it supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

Plaintiff has had more than ample opportunity to file a TAC that would include his revised

3

request for damages.  His initial request to do so was made in October 2021, ECF No. 26, and it was granted in December 2021, ECF No. 31.  In January 2022, after the stay was lifted, plaintiff was ordered to file the TAC that had previously been authorized.  ECF No. 34.  Three months later, on April 19, 2022, because plaintiff still had not done so, the court went as far as to send plaintiff copies of the court's complaint form, the SAC, and the order screening the SAC.  See ECF No. 39 at 2.  Plaintiff's reported homelessness and intermittent stays in halfway houses have been accommodated to the greatest extent possible in light of the court's countervailing needs to manage its docket and prevent prejudice to defendants from unreasonable delay.  The failure to comply with the order requiring amendment of the complaint supports dismissal of the action.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

          B.    Failure to File Non-Prisoner In Forma Pauperis Application

"[A] released prisoner may proceed in forma pauperis upon satisfying the poverty provisions applicable to nonprisoners."  DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003) (citing McGann v. Commissioner, Soc. Sec. Admin., 96 F.3d 28, 30 (2nd Cir. 1996)); see generally 28 U.S.C. § 1915(a)(1) (outlining non-prisoner in forma pauperis requirements).  As a released person, plaintiff is not exempt from this requirement.

As a prisoner, plaintiff was granted in forma pauperis status.  See ECF No. 18.  The intermittent homelessness plaintiff states he has experienced since his release (see ECF No. 38) indicates that plaintiff continues to be indigent.  However, in order to continue his in forma pauperis status and proceed with this case, plaintiff is required to submit a signed affidavit to that effect.  See generally 28 U.S.C. § 1915(a)(1).

Plaintiff was ordered on April 19, 2022, to complete and file a non-prisoner application to proceed in forma pauperis.  He was sent the application, and he was given thirty days to file it.  ECF No. 39 at 2.  More than thirty days have now passed, and plaintiff has not filed the application, nor has he requested an extension of time to do so.

Although the court previously indicated that plaintiff's failure to file the TAC and the in forma pauperis application would result in this case proceeding on the SAC (see ECF No. 39 at 2), plaintiff's failure to file the in forma pauperis application or, in the alternative, to pay the

filing fee, precludes plaintiff proceeding further with this action.  See 28 U.S.C. § 1914(a); see, e.g., Youngs v. Barretto, No. No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *1 (E.D. Cal. May 14, 2018); Adler v. Gonzalez, No. 1:11-cv-1915 LJO MJS (PC), 2014 WL 4041772, at *1 (E.D. Cal. July 1, 2015).

### C. Failure to Obey Court Orders

The procedural history recited above reflects a chronic failure on plaintiff's part to obey court orders and the local rules.  This history further supports dismissal of the action.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

### D. Dismissal is Appropriate

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Only the fourth factor—the general public policy favoring disposition of cases on their merits—weighs against dismissal, as it does in every case.  This consideration is outweighed here by the strength of the factors in favor of dismissal.

This case has not progressed since the ADR stay was lifted approximately six months ago. Plaintiff's history of inconsistent participation, unreported address changes, and non-compliance with the rules indicates that litigation will continue to be unreasonably delayed.  The public interest in expediency is thus thwarted.  Judicial resources have been unduly consumed by housekeeping matters, and the court's need to manage its docket therefore weighs in favor of dismissal.  The risk of prejudice to defendant also favors dismissal.  The Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (citing Alexander v. Pac. Mar. Ass'n, 434

F.2d 281 (9th Cir. 1970); Pearson v. Dennison, 353 F.2d 24 (9th Cir. 1968)).  This is because "[t]he law presumes injury from unreasonable delay."  Id. (citing States S.S. Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir. 1970)).

Finally, less drastic sanctions are unavailable.  Monetary sanctions are inappropriate in light of plaintiff's personal circumstances.  Plaintiff's needs and circumstances have been accommodated to a generous degree thus far, but the case has not progressed.  Dismissal is therefore appropriate.

### III. CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY RECOMMENDED that this matter be DISMISSED without prejudice for failure to prosecute.  See Fed. R. Civ. P. 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 2, 2022

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE